BOHN, Appellant, vs. SAUK COUNTY, Respondent.

*November 9—December 7, 1954.*

214

For the appellant there were briefs by *Spohn, Ross, Stevens, Lamb & Pick* of Madison, and oral argument by *William H. Spohn.*

For the respondent there was a brief and oral argument by *Harlan W. Kelley,* district attorney.

CURRIE, J.   As appears from the foregoing statement of facts, plaintiff's claim for additional salary consists of two parts, to wit: (1) $2,550 for services rendered pursuant to the special act of the legislature enacted in 1929, which conferred limited civil and criminal jurisdiction upon the county court of Sauk county; and, (2) $138 for services rendered as juvenile judge from January 1, 1950, to February 22, 1950.

We will first consider the item of $2,550 of plaintiff's claim by which he seeks to recover for three years' services rendered pursuant to the special act of 1929 conferring civil and criminal jurisdiction upon the county court of Sauk county.  With respect to this, it is plaintiff's contention that the county board in fixing the salary of the county judge at $4,800 per year in the resolution adopted at its November, 1948, session was merely setting the salary for services to be rendered as the county judge in probate matters and, therefore, the plaintiff would be entitled, in addition to such salary,

to receive the $850 per year compensation provided in ch. 108, Laws of 1929, which had conferred limited civil and criminal jurisdiction upon the county court of Sauk county. The question, therefore, is whether the resolution adopted in November, 1948, which fixed the salary of the county judge to be elected at the 1949 spring election at $4,800 per year, necessarily included the $850 yearly compensation such judge was to receive under the special act of 1929, or whether such salary of $4,800 per year was exclusive thereof.

Such special act conferring limited civil and criminal jurisdiction upon the county court of Sauk county took effect approximately in the middle of the term of office of the then county judge. Doubtless, for this reason, it was deemed advisable to provide additional compensation to the county judge in the act itself so as to insure that the then county judge would receive the same for the additional duties imposed upon him by the act over and above the salary which had been fixed for his office before the commencement of his term. Thereafter, when the county board was required to set the salary of the county judge at six-year intervals at its annual session preceding the election to such judicial office, it became the duty of the board to establish an aggregate salary for the office sufficient to include said $850 per year required by ch. 108, Laws of 1929. In this connection it is significant that such special act did not confer any other or different title upon the county judge when he was exercising the criminal or civil jurisdiction thereby conferred upon the county court. In other words, he was to function under the title of *"county judge"* when performing duties under such special act.

There is a presumption that public officers in performing their official duties have complied with all statutory requirements, and this presumption applies to acts of official boards and legislative bodies as well as to those of individual officers.

31 C. J. S., Evidence, p. 798 *et seq.*, sec. 146. We deem such presumption is applicable in construing the action of the county board taken at its November, 1948, session in setting the salary of the county judge, to be elected at the 1949 spring election, at $4,800 per annum. Therefore, in the absence of any evidence to rebut the presumption, it will be presumed that the county board performed its duty under the 1929 special act when it fixed such annual salary and included the $850 per year required thereby in the salary it set for the county judge.

Not only is there no evidence to rebut the presumption of performance of statutory duty, but what evidence there is tends to support the presumption. For example, the fact that the total salary then being paid to the county judge in November, 1948, for all duties being performed, including those under the special act and as juvenile judge, was $4,500 per year, tends strongly to establish that when the county board set the new salary of the county judge to be elected at $4,800 per year the board intended the same to include the $850 required to be paid under the special act of 1929. Furthermore, in the three prior resolutions adopted in 1931, 1936, and 1943 setting the salary of the county judge, an aggregate salary was fixed which expressly included the functions performed by the county judge under the special act of 1929 and as juvenile judge, as well as in probate matters. The reasonable inference to be drawn from these past acts is that when the board in 1948 set $4,800 as the salary of the county judge to be elected at the 1949 election it was following past precedent and establishing the total aggregate salary such officer was to receive.

In reaching our conclusion with respect to the $2,550 item of plaintiff's claim, we have given no weight whatever to the action of the county board taken at its November, 1949, session in adopting its budget resolution wherein the $4,800

appropriated for the county judge's salary was apportioned in three parts, one of which covered the $850 of salary required to be paid to the county judge for services rendered with respect to the civil and criminal jurisdiction conferred upon the county court by the special act of 1929. In the first place this was a different county board than the one which had enacted the salary resolution of November, 1948, which is before us for construction, and a subsequent board's interpretation of action taken by a prior board is not binding. We have so held with respect to statutes adopted by our state legislature in *Green Bay Drop Forge Co. v. Industrial Comm.* (1953), 265 Wis. 38, 51b, 60 N. W. (2d) 409, 61 N. W. (2d) 847; *Maus v. Bloss* (1954), 265 Wis. 627, 634, 62 N. W. (2d) 708; and *State ex rel. Larson v. Giessel* (1954), 266 Wis. 547, 555, 64 N. W. (2d) 421; and the same principle would be applicable to legislative enactments of county boards. Secondly, sec. 253.15 (1), Stats., requires that the county board fix the salary of the county judge at its annual session preceding the ensuing year in which he is to be elected, and the budget resolution adopted in November, 1949, was subsequent to the spring, 1949, election at which plaintiff was re-elected to the office of county judge.

We now turn to the $138 item of plaintiff's claim. This is grounded upon the theory that the county board, by adopting its resolution at the January, 1950, session fixing the annual salary of the juvenile judge at $1,250, intended the same to be in addition to the $4,800 salary fixed for the office of county judge at the November, 1948, session preceding the 1949 election. Therefore, as said resolution adopted in January, 1950, continued in effect until it was repealed on or about February 22, 1950, it is claimed plaintiff is entitled to additional salary as juvenile judge at said rate of $1,250 per annum for such period of one month and twenty-two days. Apparently it is plaintiff's view of the law that a county board

has the right to increase or decrease a salary paid to a county judge for performing the function of juvenile judge during his term of office as county judge, and that the provisions of sec. 253.15 (1), Stats., which prohibits the increasing or diminishing of the compensation of a county judge during his term of office, and of sec. 59.15 (1) (a), which prohibits a county board from increasing or reducing the salary of a county officer during his term of office, do not apply to such compensation paid to the county judge for performing the duties of juvenile judge. The authority relied on for such conclusion is that of the provisions of sec. 59.08 (6), which provide that the county board may make annual appropriations for the payment of the salary of the juvenile judge. Plaintiff necessarily has to adopt such view of the law because otherwise the resolution adopted by the county board in January, 1950, if construed as increasing plaintiff's salary as juvenile judge, would clearly be void in its inception, if the provisions of either sec. 253.15 (1) or sec. 59.15 (1) (a) were applicable thereto. However, we find it unnecessary in the instant case to pass on this issue.

In seeking the legislative intent underlying the passage of the January, 1950, resolution we consider that the budget resolution adopted by the county board two months prior thereto at its November, 1949, session to be very material. Whereas, the salary resolution of November, 1948, and the budget resolution of November, 1949, were enacted by different county boards, the latter resolution and the January, 1950, resolution were adopted by the same county board. Furthermore, if plaintiff's theory be correct, sec. 253.15 (1), Stats., which requires the county board to set the compensation of a county judge prior to his election, has no application to actions of the county board in fixing a juvenile judge's compensation.

Such budget resolution provided that the $4,800 compensation to be paid to the county judge for the calendar year 1950

was apportioned $2,550 for services rendered in probate matters; $1,000 for services rendered under the special act conferring civil and criminal jurisdiction upon the county court; and $1,250 for services rendered as judge of the juvenile court. When this budget resolution is construed with the resolution of January, 1950, it is clear that the county board, in adopting the latter, did not consider it was voting any increase in the compensation for the services plaintiff was rendering as juvenile judge. This construction of the January, 1950, resolution is further strengthened by the fact that as originally introduced the resolution provided for a salary of $1,400 per year and was then amended to reduce such sum to $1,250 per year, because this further indicates that the county court considered it was retaining the rate of compensation previously set.

In view of the conclusions hereinbefore stated, the judgment of the learned trial court in dismissing plaintiff's complaint upon the merits must be affirmed.

*By the Court.*—Judgment affirmed.