JOINT SCHOOL DISTRICT NO. 5, VILLAGE OF BEAR CREEK and TOWN OF DEER CREEK and others, Appellants, vs. WAUPACA, WINNEBAGO, and OUTAGAMIE COUNTY SCHOOL COMMITTEES, Respondents.

*October 11—November 8, 1955.*

For the appellants there were briefs and oral argument by *Gerald D. Lorge* of Bear Creek, attorney, and *Martin M. Morrissey* of Madison of counsel.

For the respondents there was a brief and oral argument by *Raymond P. Dohr,* corporation counsel of Outagamie county, and *Gerald K. Anderson,* district attorney of Waupaca county.

STEINLE, J. It is the appellants' position that the Joint Committee was without jurisdiction to have ordered the detachment and attachment of the territory in question, and that the trial court erred in sustaining the order of the committee.

The Joint Committee's action as upheld by the judgment is challenged on three grounds. The first ground involves an attack upon the validity of the organization of the Joint Committee. Appellants contend that the members of the Outagamie County School Committee were ineligible to have acted as members of the Joint Committee when the proceedings in question took place. In support of such contention they submit that the Outagamie County School Committee had failed to present to the state superintendent of schools a master plan for schools of the county as provided in sec. 40.303 (4) (a), Stats. 1951, and that under provisions of

that statute, the personnel of the committee automatically were removed from office on July 1, 1951, and that their actions thereafter in relation to the schools in Outagamie county were void and of no effect.

The appellants next challenged the action of the Joint Committee on the ground that the notice of public hearing on the petition for detachment and attachment was fatally defective because the full and correct names of the school districts affected thereby were not given.

Appellants' third challenge to the validity of the Joint Committee's action is based upon an absence in the court record of proof of service upon the clerks of the respective affected school districts of a written notice of the time and place of the Joint Committee's hearing of the petition. They complain that the court in its decision failed to rule upon the question.

With respect to the first of the items challenged by appellants it appears that sec. 40.303 (4) (a), Stats. 1947, 1949, and 1951, provided that a county school committee of a county of the class of Outagamie county was required to file with the state superintendent of public instruction, a plan for the development of the educational system of the county. This plan was to provide a comprehensive program of improved educational opportunity for the school children of the county, and also was to provide for the establishment of substantial administrative districts covering grades from kindergarten through the twelfth which were to be the pattern for the future development of the educational system of the county. The plan was to be based upon reliable data from census, enrolment, location, financial status, geography, and the general needs of each community in the county. The statute also provided that in the event that the committee shall fail to prepare and file such plan on or before July 1, 1951, *it shall automatically be removed from office,* and that it shall be the duty of the county board within ninety days to elect a

new committee with different personnel who shall immediately succeed the committee removed from office, and which committee shall prepare a plan within one year from the date of its appointment.

Sec. 40.303 (4) (a), Stats. 1947, 1949, and 1951, was repealed by the legislature in 1953. At that time a revision of the law pertaining to county school committees was made. The 1953 statutes contain no requirement that a county school committee shall file a plan such as had been directed in the repealed statute.

In the case at bar the Joint Committee on March 8, 1954, was operating under the 1953 statute. It appears that the Outagamie County School Committee at that time was comprised of the same personnel that had made up the committee immediately prior to July 1, 1951. The record of the hearing upon appeal indicates that the Outagamie County School Committee previous to July 1, 1951, had filed with the state superintendent of public instruction a written plan which set forth in detail the proposed educational opportunities for the school children of Outagamie county. The plan designated the territory of various integrated administrative districts consisting either of common school districts or city school systems, each containing at least one high school and one or more elementary schools. The plan included a written statement and a map of the county. Both the statement and the map indicated that specific territory which included fourteen and one half of the existing school districts in Outagamie county was not to be included in the future Outagamie county school program, but was to be organized under the school program of Waupaca county.

Appellants argue that since the plan did not indicate specifically as to how the fourteen and one-half school districts were to be integrated in the school program of Waupaca county, it failed with respect to the purpose and the letter

of the statute and was a nullity, and that, consequently, it is to be considered that no plan as required by statute was filed. They urge that since no plan was submitted as required, all members of the committee were automatically removed as of July 1, 1951. They contend further that since these committee members were not qualified to serve on the Joint Committee, the order of the Joint Committee was invalid, and that the court erred in not determining that the Joint Committee lacked jurisdiction to have made the order.

In overruling appellants' objection with respect to this particular, the learned trial court in its decision, in part said:

"It does not appear that any action was ever taken by anyone—whether the state, the county board, the state superintendent of schools, the state attorney general, or by any individual acting on relation of the state—to question or challenge the continuing functions and duties of the Outagamie County School Committee.

"It is not considered that the court in the instant proceeding has any jurisdiction to determine the collateral issue as to whether the so-called master plan prepared by the Outagamie County School Committee (appellants' Exhibit 5) qualified as such under the now repealed section 40.303 (4) (a) of the statutes of 1951, or if it did not whether the Outagamie County School Committee automatically lost its functional existence. Such is entirely a collateral matter. Just who the legislature contemplated should 'automatically remove such school committee from office' does not appear. It would appear that with the Outagamie County School Committee continuing to function, the continuation of their powers as such committee could be tested only by *quo warranto* proceedings on a direct challenge either by the attorney general or, in the event of his failure to act, by some person acting on relation of the state."

Appellants on this appeal contend that while the attack was collateral, it was not only the proper but the exclusive method for challenging jurisdiction in such regard. In sup-

port of this contention they rely strongly on *Perkins v. Peacock* (1953), 263 Wis. 644, 58 N. W. (2d) 536, where it was determined that certiorari was not the proper procedure for the challenging of jurisdictional defects in proceedings leading to a county-school-committee order, but that the exclusive method of challenge of such defects was by means of an appeal from the order as authorized by statute. It is to be observed that in *Perkins v. Peacock, supra,* the court was called upon to treat with jurisdictional defect of procedure. There was no issue respecting title to the office of school-committee membership. No claim had been advanced that the School Committee was nonexistent when its order was made. It was not intended by the rule in *Perkins v. Peacock, supra,* that an appeal from an order of a school committee was to serve as a substitute for a *quo warranto* proceeding. *Quo warranto* is the sole and exclusive method of determining title to the office of a member of a school committee. At 74 C. J. S., Quo Warranto, p. 195, sec. 11, it is noted that *quo warranto* may be maintained on account of a forfeiture of office when such forfeiture automatically results from the officer's actions. That *quo warranto* is the appropriate remedy where ouster is claimed for a breach of official duty when the statute directs automatic removal from office, and may be said to be self-executing, and *ipso facto* works forfeiture of office, is indicated in High, Extraordinary Legal Remedies (3d ed.), Quo Warranto, p. 575, sec. 618. Until title to the office of a school-committee member is divested by proper authority, the continuing official actions of such member are deemed valid.

Sec. 40.03 (5), Stats. 1953, provides for an appeal to the court from an order of a county school committee. In *School Dist. v. Callahan* (1941), 237 Wis. 560, 578, 297 N. W. 407, and *Perkins v. Peacock* (1953), 263 Wis. 644, 658, 58 N. W. (2d) 536, it was held that upon an appeal such as

provided in sec. 40.03 (5), the appellants are not entitled to a trial *de novo,* and that the court's sole function is to determine whether there was jurisdiction, and whether there was or was not an unlawful abuse of power. The appeal as authorized by the statute is regarded not as a retrial of the petition for attachment and detachment, but as an original proceeding to review merely an illegal exercise of power or abuse of discretion on the part of the School Committee. The court on the appeal is concerned only with questions as to whether the School Committee has acted illegally, whether it exceeded its power or abused its power. Such questions arise upon the appeal as an original process and may call for an original investigation, and in such qualified sense there may be a hearing *de novo.* See *Appeal of Moynihan* (1903), 75 Conn. 358, 53 Atl. 903. It is not within the function of the court, however, to determine the merits of the petition upon the appeal. Trial *de novo* on merits is not to be undertaken by the court. The appeal in no sense is a *quo warranto* proceeding. Extrinsic evidence of a judgment in a *quo warranto* proceeding is, of course, admissible upon an appeal. No evidence of such judgment was introduced upon the appeal here. Upon the record as presented we are obliged to conclude that the members of the Outagamie County School Committee were not disqualified under the law to act jointly with the County School Committees of Waupaca and Winnebago counties in relation to the petition in question.

Appellants' second challenge to the validity of the Joint Committee's order is based upon a claim that the various required statutory notices did not state the full and correct legal names of the school districts involved in the reorganization.

Sec. 40.03 (1), Stats. 1953, provides in part that:

"Notice in writing of the time and place of the hearing shall be served forthwith upon the clerks of the school districts affected by the proposed reorganization."

Sec. 40.03 (3), Stats. 1953, provides that:

"A certified copy of the order shall be promptly filed and recorded in the office of the clerk of each municipality in which a school district affected by the order is situated and shall be mailed to the clerk of each school district affected and to the state superintendent. The secretary shall file a copy with the county superintendent."

The notice of the call of the public hearing on March 8, 1954, was addressed to the clerks of the affected school districts as follows: "Bear Creek Consolidated School Joint No. 5, village of Bear Creek, *et al.*, and Joint School District No. 3, city of New London, *et al.*" The notice of the conference by the Joint School Committee with the school boards of the several districts affected was addressed to "Robert Russ, clerk of Joint District No. 5, village of Bear Creek; Kenneth Meating, president of Joint District No. 3, city of New London." The notice of public hearing published in the New London Press Republican under date of February 25, 1954, notified the qualified electors of "Joint School District No. 5, village of Bear Creek, *et al.*, Outagamie and Waupaca counties" and "Joint School District No. 3, city of New London, *et al.*, Waupaca, Outagamie, and Winnebago counties" of the time and place of the public hearing scheduled for March 8, 1954, and of the real estate sought to be detached from the Bear Creek school district and to be attached to the New London school district. The order issued by the committee provided that the territory specified therein "is hereby ordered detached from Joint School District No. 5, village of Bear Creek *et al.*, Waupaca and Outagamie counties and attached to Joint School District No. 3, city of New London *et al.*, Waupaca, Outagamie, and Winnebago counties for all school purposes."

Appellants submit that the full legal name of the district from which the territory was detached is "Joint School District No. 5, village of Bear Creek and town of Deer Creek

in Outagamie county and towns of Bear Creek and Lebanon in Waupaca county, Wisconsin." They point out that the full legal name of the district to which the territory was attached included not only the name of New London, but also the names of other municipalities in Waupaca county.

It appears of record and the trial court determined that the school boards of the school districts involved attended the conference which had been noticed as above stated; that upwards of 150 people of the districts attended the meeting preceding the conference; that the legal description of the affected territories was precisely stated in the notice of the call of the meeting; and that there are no other school districts within the counties involved which have a similarity of names with Joint School District No. 5, village of Bear Creek or with Joint School District No. 3, city of New London. In its decision the court said:

"This court cannot see how anybody who had an interest in the matter could have been misled or lulled into nonaction because of any failure to specify in all detail the correct names of the school districts affected, . . ."

No specified form of notice of the meetings of the School Committee nor of its order is prescribed by statute. We are of the opinion that the forms employed in the instant situation were sufficient to apprise all persons interested of the time, place, and purpose of the meetings and of the substance of the order, respectively. There has been no showing that any interested person was misled by virtue of the abbreviation of the legal names of the school districts involved. The court's order with reference to this item, is sustained.

Appellants' remaining challenge of the judgment is based on the contention that the Joint Committee lacked jurisdiction to proceed on the petition because of its failure to have of record, proof of service upon the school clerks of the no-

tices of the meetings. They maintain that the court erred when it failed to determine that the order was void for such reason.

In the "appeal—complaint" appellants had asserted that:

"18. Upon information and belief, the provision of section 40.03 of the Wisconsin statutes which reads, 'Notice in writing of the time and place of the hearing shall be served forthwith upon the clerks of the school district affected by the proposed reorganization. . . .' was not served upon all the clerks affected by the proposed reorganization, and since it affected their districts the statute was not carried out by the Waupaca, Outagamie, and Winnebago County School Committees and they lacked jurisdiction of the subject matter."

The burden of proof with respect to such charge rested upon the appellants. At the hearing upon the appeal, they submitted as a witness the clerk of the appellant school district. He admitted receiving copies of the notice of the meeting for the information of himself in his official capacity, for posting and for publication. The superintendent of schools of Outagamie county, who is the secretary of the Outagamie County School Committee, was called as a witness by appellants. He testified that records in his possession did not indicate proof of service of the notices upon the clerks. However, it appears that he was not the secretary of the Joint Committee. No clerk other than of appellant school district was called upon to testify. The statutes do not require that county school committees preserve a record of proof of service of notices served by or on behalf of a joint committee of which they are a part. It appears that the clerks of the school districts involved attended both the meeting and the conference. The secretary of the Waupaca County School Committee acted as secretary of the Joint Committee, but was not called as a witness to produce a record of such service. When service of a school committee's notice is challenged, the person who made the service or some other person who

has knowledge that such service was made, may testify upon the appeal with reference thereto. Since the appellants failed to substantiate their charge in this respect, it cannot be held that the trial court erred in relation to the matter.

*By the Court.*—Judgment affirmed.