MARSHALL DRAINAGE DISTRICT, Respondent, vs. FESTGE, County Clerk, Appellant.

*January 11—February 7, 1956.*

For the appellant there was a brief and oral argument by *Richard W. Bardwell,* district attorney of Dane county, and *Gordon E. Brewer,* assistant district attorney.

For the respondent there was a brief and oral argument by *William R. Curkeet, Jr.,* of Madison.

MARTIN, J. Respondent petitioned for an alternative writ of mandamus, alleging that pursuant to an order of the circuit court for Dane county dated July 9, 1953, respondent levied upon Dane county an assessment for benefits to highways, and that the county refused to pay the same. The alternative writ issued on June 17, 1955. Appellant answered, alleging that Dane county is neither owner nor mortgagee of the lands upon which the highways are located and therefore does not owe the assessment. A counterclaim was interposed for appellant's time and expense involved in the litigation, to which counterclaim respondent demurred.

Upon a hearing July 27, 1955, the court sustained the demurrer and ordered that the peremptory writ issue directing appellant to pay the assessment.

Ch. 89, Stats., is the Drainage District Law. Pursuant to its provisions the commissioners of the respondent district reported to the court, proposing an assessment upon lands in the district for necessary repairs to the drainage system. A hearing was ordered and notices were posted and published as required by law. Appellant does not deny that it had such notice.

Sec. 89.41 (3), Stats., provides:

"Any person or corporation objecting to the validation of such assessment must, on or before the day fixed for hearing, file in the office of the clerk of the court a remonstrance stating his objections as required by section 89.33. Such remonstrances shall be heard and determined in the manner provided for remonstrances filed under said section and an order entered thereon."

Sec. 89.33, Stats., provides, in part:

"(1) Any owner or mortgagee of lands within said district *or corporation assessed* may remonstrate against such report because:
"(c) Remonstrant's lands, specifying them, are assessed too high, or other lands, specifying them, are assessed too low, or *that remonstrant if a corporation should not be assessed* or is assessed too high."

Dane county filed no remonstrance. By order filed July 23, 1953, the proposed assessment was authorized. No appeal was taken.

About a year later respondent brought an order to show cause why appellant should not pay the assessment, and after hearing, the court entered its order affirming the assessment. No appeal was taken.

It is established that a county charged with the maintenance of a highway system within a drainage district is deemed to be benefited by the drainage of the lands on which such highways are located and the drainage district has the power to assess the county for such benefit. *In re Door Creek Drainage Dist.* (1920), 172 Wis. 431, 179 N. W. 581.

Appellant takes exception to the trial court's statement that Dane county was originally within the drainage district and contends that there is nothing in the record to support it. In 1923, when the respondent district was organized,

Dane county was charged by statute with the maintenance of highways located within the county. It was therefore liable for the benefits to the highways located in the drainage district at the time of the original assessment and we must conclude, in the absence of evidence to the contrary, that the county met such assessment.

Appellant's basic argument is that Dane county is not liable for the assessment here in question because it has no present obligation to maintain the roads benefited thereby.

Sec. 89.41 (3), Stats., provides that any person or corporation objecting to the validation of an assessment *must* file a remonstrance stating the objections as required in sec. 89.33. Dane county was a "corporation assessed" and it must be held that its exclusive remedy was to remonstrate against the report and have the matter determined in the proceedings provided therefor in ch. 89, Stats. Had it availed itself of the statute and shown to the court that it should not be assessed, we may assume that the court would have so determined. Not having done so, however, the county cannot now raise the defense which it ought to have raised under the statute specifically providing for it.

" 'It is well settled . . . that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress.' " *State ex rel. Russell v. Board of Appeals* (1947), 250 Wis. 394, 397, 27 N. W. (2d) 378.

"It being clearly an exclusive remedy and also evidencing a complete legislative scheme contemplating but a single method of reaching the desired result, it does not permit of any other. . . ." *Benka v. Consolidated Water Power Co.* (1929), 198 Wis. 472, 475, 224 N. W. 718.

Appellant contends that mandamus is not a proper remedy. We cannot agree. The assessment was certified to the register

of deeds of Dane county and it thereupon became the duty of Dane county to levy a tax to pay it. *State ex rel. Bushnell v. Gates* (1867), 22 Wis. \*210. In the absence of evidence to the contrary, it must be presumed that Dane county took all steps necessary to, and did, levy the required tax.

"This is because of the presumption that public officers have properly discharged the duties of their office. 43 Am. Jur., Public Officers, p. 254, sec. 511, and *Bohn v. Sauk County* (.1954), 268 Wis. 213, 219, 67 N. W. (2d) 288." *State ex rel. Nelson v. Rock County* (1955), 271 Wis. 312, 316, 73 N. W. (2d) 564.

What is required of the appellant is simply the ministerial act of paying the assessment, and mandamus lies to compel such act.

Appellant argues that the claim for this assessment must be treated as any other claim against the county. We wish to call attention to the following statement in the *Door Creek Case, supra* (p. 435):

"It was observed in the case of *Stone v. Little Yellow Drainage Dist.* 118 Wis. 388, 95 N. W. 405, that the statutory proceeding for establishing a drainage district and making an assessment of benefits under the statute by an order or decree based upon the facts presented to the court and rendered in the light of the law as the court declares it, 'is the culmination of an entirely judicial proceeding,' and 'that, as a corollary thereof, it may be enforced by the court rendering it by any or all of those processes inherent in courts of justice.' "

Many arguments are presented by appellant which we deem it unnecessary to answer specifically in this opinion since they grow out of his basic contention that Dane county has no interest in the highways referred to in the assessment and respondent had no jurisdiction to assess the county for any benefits inuring to such highways. As stated above, this contention is completely met by sec. 89.33 (1) (c), Stats.,

requiring a remonstrance where a corporation is assessed that should not be assessed. Since Dane county did not choose to raise these defenses at the time and in the manner provided by the statute, we cannot now consider them.

So far as the appeal from the order sustaining respondent's demurrer is concerned, it is true that the trial court treated the demurrer as extending to the answer although it referred only to the counterclaim. The record shows no objection to the trial court's treatment of the demurrer in that manner, and, in any event, in view of our decision on the appeal from the judgment, the order must be affirmed.

*By the Court.*—Order and judgment affirmed.