Gerbitz and others, Appellants, vs. Joint County School Committee of Adams, Columbia, and Marquette Counties, and others, Respondents.

*December 4, 1956—January 7, 1957.*

For the appellants there was a brief by *Nikolay, Jensen & Scott* of Abbotsford, and oral argument by *Frank L. Nikolay*.

For the respondents Wisconsin Dells Union High School District No. 6 and Adams-Friendship Union Free High School District No. 1 there was a brief by *Robert Dougherty* of Wisconsin Dells, and for other respondents by *Rogers & Owens* and *Phillip Owens,* all of Portage, and oral argument by *Phillip Owens*.

FAIRCHILD, C. J. The proceedings in the circuit court resorted to by the petitioners finally were disposed of properly by the rulings of the circuit court. The statute placing the authority in the school committees, sec. 40.03 (1), Stats., places the petition in such cases, as here under consideration, completely in the control of the body designated to exercise those duties by the legislature and is a matter to be considered by that body, which may, in its discretion and judgment, order the creation, alteration, consolidation, or dissolution of

school districts within its jurisdiction; or it may decide to permit a continuation of an existing district.

The petitions of the appellants sought to invoke the exercise of legislative power. Because of the refusal of the School Committee to comply with their petition, the appellants seek to transfer the question from the authorized body to the court. It was within the competence of the County School Committee to act in the matter of changing or reorganizing the district. It was for the committee, in its wisdom, to act for the people whose representatives they are. The separation of powers cannot be overlooked, and so far as the proceedings in this matter are concerned, the learned circuit judge, in his final determination, after having explored every claim presented, reached a result which must be affirmed. The power reposed in the School Committee cannot be delegated. Had the committee decided to allow the change, then and then only, was it required to give notice required by statute, sec. 40.03 (1), which reads:

"Upon the petition of an elector of the county or upon its own motion, the county school committee may order the creation, alteration, consolidation, or dissolution of school districts within the county, . . . Before issuing any such order the committee shall, by resolution, provide for a public hearing on the proposed reorganization. . . ."

While sec. 40.03 (5), Stats., provides that if the county school committee "refuses or neglects to issue and record an order of creation, alteration, dissolution, or consolidation when petitioned to do so, then any person aggrieved may appeal. . . . The court shall not remand the proceeding, but shall issue its own order, . . ." that statute does not authorize a trial *de novo,* nor empower the court to substitute its judgment on the merits for that of the school committee. *Perkins v. Peacock,* 263 Wis. 644, 58 N. W. (2d) 536. If it did so, it would be an unconstitutional delegation of legislative power. *School Dist. v. Callahan,* 237 Wis. 560, 579–581, 297 N. W. 407. Properly construed, sec. 40.03 (5) intends

that the judicial review on appeal cover only questions of jurisdiction and unlawful abuse of power. *Perkins v. Peacock, supra; Endeavor-Oxford Union F. H. S. Dist. v. Walters,* 270 Wis. 561, 569, 72 N. W. (2d) 535. The decision in the *Endeavor-Oxford Case,* in which the court granted relief to the petitioners, was based on the proposition that the joint school committee's order denying the petition for transfer of territory resulted from a mistaken view of law that a majority of all the members of the committee rather than a majority of those present at the meeting was required to grant the petition. The denial of the petition was therefore an abuse of discretion, and subject to review by the court.

In the instant case, no abuse of discretion is alleged, nor does any mistake of law appear on the part of the Joint School Committee. As pointed out above, the refusal of the committee to order a public hearing was in strict conformity with the statutes. The court cannot substitute its judgment for that of the respective School Committees or have a trial *de novo. United Shoe Workers, etc., v. Wisconsin L. R. Board,* 227 Wis. 569, 279 N. W. 37; *Wagner v. Milwaukee,* 180 Wis. 640, 192 N. W. 994.

The legislative power reposed in administrative bodies and committees is of the nature and provides for acts which are legislative in character. The call for judicial action in this instance did not occur. The order of May 16, 1956, sustaining the demurrer and dismissing the appeal is approved, and must be affirmed. The orders of December 5, 1955, vacating the orders of October 5th and October 13th are not appealable. *Kearney v. Morse,* 199 Wis. 150, 152, 225 N. W. 729; *Cross v. Leuenberger,* ante, p. 393, 80 N. W. (2d) 468.

*By the Court.*—Order of May 16, 1956, sustaining demurrers and dismissing appeals is affirmed. Appeals from nonappealable orders of December 5, 1955, are dismissed.

CURRIE, J., took no part.