STATE EX REL. JAMES L. CALLAN, INC., Respondent, vs. BARG, City Clerk, Appellant.

*March 3—April 8, 1958.*

For the appellant there was a brief and oral argument by *William H. Bowman* of Milwaukee.

For the respondent there was a brief by *Charles L. Goldberg* and *Francis X. Krembs,* both of Milwaukee. and oral argument by *Mr. Goldberg.*

MARTIN, C. J.   A motion to quash a writ of mandamus is tantamount to a general demurrer (sec. 293.01, Stats.), and presents the sole issue as to whether or not there is any ground for the relief requested.  As stated in *State ex rel.*

*Leuch v. Hilgen* (1951), 258 Wis. 430, 431, 46 N. W. (2d) 229:

" 'The motion [to quash] is in the nature of a demurrer, and ordinarily is dependent for its effectiveness on grounds stated in the motion. It cannot be aided by allegations of fact, and, like a demurrer, admits all facts which are well pleaded for the purpose of the motion, and it raises the issue whether any ground for relief is stated.' 55 C. J. S., Mandamus, p. 525, sec. 290."

Sec. 236.11 (2), Stats., providing for the submission of plats for approval, reads as follows:

"The body or bodies having authority to approve plats shall approve or reject the final plat within sixty days of its submission, unless the time is extended by agreement with the subdivider. If a plat is rejected, the reasons therefor shall be stated in the minutes of the meeting and a copy thereof or a written statement of the reasons supplied the subdivider. If the approving authority fails to act within sixty days and the time has not been extended by agreement and if no unsatisfied objections have been filed within that period, the plat shall be deemed approved, and, upon demand, a certificate to that effect shall be made on the face of the plat by the clerk of the authority which has failed to act."

The petition alleges approval of the final plat by the state regional planning department, the state highway commission, and the state board of health, and that there are no unsatisfied objections. It further alleges the prior submission of preliminary and amended preliminary plats to the governing body of the town of Franklin prior to its incorporation as a city and to the city authority during the years 1955 and 1956, and that there were conferences between the petitioner and such authorities pursuant to which modifications to the plat were made on all exceptions noted.

Appellant contends the petition is defective in that it does not allege that the plat complies with all municipal requirements, referring to sec. 236.13 (1), Stats., which provides

that approval of the final plat shall be conditioned upon compliance with any municipal ordinance.

Under sec. 236.11 (2), Stats., it is the duty of the common council to act upon a final plat, either to approve or to reject it, within sixty days of its submission. The performance of such duty clearly involves examination of the plat to determine whether or not it complies with municipal requirements. We must assume, for the purposes of this decision on the motion to quash, that if there was any noncompliance, the common council would have rejected the plat within the time set by the statute and have advised the petitioner thereof, as required by sec. 236.11 (2). There is the presumption, in the absence of evidence to the contrary, that public officers have properly discharged the duties of their office. See *Marshall Drainage Dist. v. Festge* (1956), 272 Wis. 114, 118, 74 N. W. (2d) 616, and cases there cited.

The plat was neither approved nor rejected within the sixty-day period; the time was not extended by agreement; there were no unsatisfied objections filed within that period. When those circumstances exist the direction of the statute is explicit,—"the plat shall be deemed approved, and, upon demand, a certificate to that effect shall be made on the face of the plat by the clerk of the authority which has failed to act." What is required of the clerk is simply the ministerial act of certification, and mandamus lies to compel such act. *Marshall Drainage Dist. v. Festge, supra.*

Appellant further contends that if sec. 236.11 (2), Stats., requires approval by default of a plat which violates municipal ordinances, it is unconstitutional. The question does not arise since we cannot assume that the plat violates any ordinances. As pointed out above, the only permissible assumption is that the plat does comply with municipal requirements; otherwise it would have been rejected. In any event, as the trial court stated in its opinion:

"The approval of the plat under ch. 236 in no way authorizes the use of the land so subdivided which is contrary to existing zoning ordinances and any other pertinent municipal ordinances. By the provisions of sec. 236.13 of the Wisconsin statutes the approval is conditioned upon compliance with municipal ordinances."

Appellant argues that mandamus is not a proper remedy in this case because an adequate remedy at law is provided by sec. 236.13 (5), Stats.:

"Any person aggrieved by an objection to a plat or a failure to approve a plat may appeal therefrom as provided in section 62.23 (7) (e) 10 to 15, within thirty days of notification of the rejection of the plat. For the purpose of such appeal the term 'board of appeals' means an 'approving authority.' Where the failure to approve is based on an unsatisfied objection, the agency making the objection shall be made a party to the action. The court shall direct that the plat be approved if it finds that the action of the approving authority or objecting agency is arbitrary, unreasonable, or discriminatory."

A comparison of this language with that of sec. 236.11 (2), Stats., renders the argument untenable. Under the provisions of sec. 236.13 (5) an appeal may be taken "within thirty days of notification of the rejection of the plat" when the grievance arises from an "objection" or from a "failure to approve." The time of appeal (within thirty days of notification of *rejection*) and the words *"failure to approve"* clearly indicate some affirmative action on the part of the approving authority, an action which informs the platter of what he must meet when he takes an appeal, and an action which is capable of review. The final sentence of sub. (5) uses the words "action of the approving authority" in providing that the court shall direct approval of the plat where it finds such "action" arbitrary, unreasonable, or discriminatory.

On the other hand, certification by the clerk under sec. 236.11 (2), Stats., is required when the approving authority *"fails to act"* within the sixty days. The situation presented by the petition in this case is one of *inaction*. There is no action of the approving authority from which an appeal can be taken, no action or decision which the court on appeal may reverse, affirm, or modify, as provided in sec. 62.23 (7) (e) 13 (which is one of the provisions governing appeals under sec. 236.13 (5)).

Appellant cites *Jefferson County v. Timmel* (1952), 261 Wis. 39, 51 N. W. (2d) 518, as authority for the proposition that appeal is the petitioner's exclusive remedy. In that case there was a refusal by the county clerk to grant an application for building permit; the zoning ordinance involved provided for appeal in the event of an adverse decision of an administrative officer; and this court held that where such an appeal was provided for, the statutory remedy was exclusive. There was an adverse ruling in that case from which the applicant could appeal. Here there is simply no ruling at all on the part of the common council. As observed by the trial court, *inaction* of the approving authority is not capable of reversal, affirmance, or modification on appeal. There being no adequate remedy under the statute, mandamus lies to compel the clerk to certify.

*By the Court.*—Order affirmed.