JOINT SCHOOL DISTRICT No. 7 OF TOWN OF EAST TROY and others, Appellants, v. WALWORTH COUNTY SCHOOL COMMITTEE and another, Respondents.

*January 9—February 3, 1959.*

For the appellants there was a brief by *Godfrey & Godfrey* of Elkhorn, and oral argument by *Thomas G. Godfrey.*

For the respondents there was a brief and oral argument by *Erwin C. Zastrow,* district attorney of Walworth county.

BROWN, J. The statutory provisions which govern school-district reorganization, as they apply to this appeal, are as follows:

"40.03 SCHOOL DISTRICT REORGANIZATION. (1) *Order.* Upon the petition of an elector of the county or upon its own motion, the county school committee may order the creation, alteration, consolidation, or dissolution of school districts within the county, subject to the referendum provisions of sub. (6); orders of the committee providing for the reorganization of school districts shall not take effect until July 1st following the recording of the order. Before issuing any such order the committee shall, by resolution, provide for a public hearing on the proposed reorganization which

shall be held not more than thirty days after the date of resolution at a place within the district proposed to be reorganized or within a reasonable distance of such district. Notice in writing of the time and place of the hearing shall be served forthwith upon the clerks of the school districts affected by the proposed reorganization. The clerks shall post notices of such hearing in four or more public places in their respective districts and cause such notice to be published once in a newspaper having general circulation in the area affected, not less than ten days before such hearing. *Within thirty days after the hearing on any proposed plan of reorganization and before the issuance of any order thereon, the committee shall hold a conference on the proposed plan of reorganization with the school boards of the districts involved. The order issued shall represent the decision reached at this conference.* An order of the county school committee creating a district shall number the district, mention the municipalities in which it is situated, and designate that a board of three, five, seven, or nine members be elected.

"(2) *Order as evidence.* Any order of the county school committee issued as provided in sub. (1) shall be presumptive evidence of the facts recited therein and of the validity of all proceedings preliminary thereto." (Italics ours.)

The issue here is the narrow one of compliance with that part of the statute which we have underlined.

The complaint and minutes show this sequence of meetings on April 16, 1956:

(1) The public hearing. Adjournment.

(2) A joint conference of the two county committees. Adjournment.

(3) Conference of school-district boards and county committees. Adjournment.

(4) Resumption of meeting of joint county committee. Decision to dissolve the Bell School District, and attach it to the East Troy school. Adjournment.

(5) August 17, 1956. Order of attachment, made by joint county committees.

The above statute plainly states that the order of reorganization shall represent the decision reached at the conference of the county committees and the school-district boards. Nowhere do the minutes of that conference state or imply that any decision was reached at that conference. On the contrary, after the conference adjourned, the minutes show that the county committees resumed their meeting and a poll was asked in order to reach a decision. The poll favored the dissolution of the Bell district and its territory attached to East Troy. The record clearly shows that no decision was reached at the conference, but was reached at the resumed meeting of the county committees.

Both counsel and the trial court devoted attention to the meaning of "adjournment," and the court interpreted the word, as used in the minutes of the various meetings, that adjournment in these instances may mean either a recess or a *sine die* end to a meeting. We do not take issue with this interpretation but do not think that makes any difference in this case.

When the conference of county committees and school-district boards "adjourned" it was no longer in session at any time of which record or minute was made. The minutes show that, immediately after the conference adjourned, the meeting of the committees (the county committees) was resumed, and it was there, in that meeting that the decision was reached. The statute required the decision to be reached at the conference. Unless that is done the order of reorganization is not founded on the statutory requirement.

Sec. 40.03 (2), Stats., which declares that a county school committee's order is presumptive evidence of the validity of all preliminary proceedings, will not save the present order. The presumption cannot stand in the face of the allegations of the complaint that no decision was reached at the conference.

We are not informed why the legislature required the decision to be reached at the conference instead of by the committee after the conference was in adjournment, but until the legislature says otherwise we must follow the statute which directs decision to be reached at the conference and not thereafter.

*By the Court.*—Order reversed, demurrer overruled, and cause remanded for further proceedings not inconsistent with this opinion.

CURRIE, J. (*concurring*). While I concur in the opinion of the court herein, I think it well to point out that the overruling of the demurrer does not dispose of the lawsuit on the merits. The decision required to be reached at the joint conference pursuant to sec. 40.03 (1), Stats., may be very informal and consist of no more than a verbal statement in behalf of the members of the joint school committee of the nature of the decision reached. Therefore, when trial of the instant case is held on the merits, the evidence may disclose that such a verbal decision was communicated at the joint conference. The fact that the minutes of the joint conference do not disclose such verbally announced decision would not preclude the receiving of extrinsic evidence of the same. *Home Savings Bank v. Gertenbach* (1955), 270 Wis. 386, 71 N. W. (2d) 347, 72 N. W. (2d) 697; and *Huebner v. Advance Refrigerator Co.* (1929), 200 Wis. 233, 235, 227 N. W. 868, 66 A. L. R. 1325.