LANGLAND, Appellant, v. JOINT COUNTY SCHOOL COMMITTEE OF WASHBURN AND BURNETT COUNTIES, Respondent.

*January 12—February 7, 1961.*

For the appellant there was a brief and oral argument by *Robert Zum Brunnen* of Spooner.

For the respondent there was a brief by *Warren Winton,* district attorney of Washburn county, and *Ward Winton,* assistant district attorney, and oral argument by *Ward Winton.*

FAIRCHILD, J. Mrs. Langland, plaintiff and appellant, argues that the purpose of the statutory appeal is to review

valid orders, and that jurisdictional defects may be reviewed by certiorari.[1]

Sec. 40.303, Stats. 1949, authorized the county school committee to consolidate school districts, and provided for an appeal to the circuit court from an order of the committee. In a case arising under that section, this court decided that review could not be had by certiorari because the statutory appeal was the exclusive remedy for reviewing questions of jurisdiction and possible abuse of statutory power by the committee.[2] The reasoning was that the legislature did not intend the appeal to permit review of the wisdom or advisability of the order, but intended a review only of the questions of jurisdiction and abuse of statutory power, precisely the scope of certiorari. Therefore, in all but "exceptional" cases, the appeal was to be the exclusive remedy.

With respect to exceptions, it was said (*Perkins v. Peacock,* 263 Wis. 644), at page 658:

". . . there may be exceptional cases where such right of appeal would be inadequate for such purpose and certiorari might lie—for example, where statutory notice was not given and the aggrieved party did not receive actual notice until the time for appeal had expired."

There is no allegation in Mrs. Langland's petition of any fact suggesting that the present case would be one of the exceptions. On the contrary, the statutory notice was given. Mrs. Langland was present at the hearing and conference,

---

[1] We have held that an order of attachment made by a county school committee is invalid if, as alleged here, it represents a decision reached after and not at the conference with the boards. *Joint School Dist. v. Walworth County School Comm.* (1959), 6 Wis. (2d) 366, 94 N. W. (2d) 695.

[2] *Perkins v. Peacock* (1953), 263 Wis. 644, 58 N. W. (2d) 536. See *State ex rel. Damerow v. Behrens* (1960), 11 Wis. (2d) 426, 433, 105 N. W. (2d) 866.

and a certified copy of the order was sent by registered mail to the clerk of the district of which she was director.

While the action of the county school committee is now authorized by sec. 40.03, Stats. 1959, and the appeal by sub. (5) thereof, we can find no difference material to the question before us between the present statute and the 1949 statute previously considered.

The circuit court properly concluded that review could not be had by certiorari, and that the writ must be dismissed.

*By the Court.*—Judgment affirmed.