REINDERS and others, Appellants, v. WASHINGTON COUNTY SCHOOL COMMITTEE, Respondent.*

*January 10—February 6, 1962.*

* Motion for rehearing denied, without costs, on April 3, 1962.

520

For the appellants there was a brief by *Schloemer & Merriam* of West Bend, and oral argument by *C. J. Schloemer.*

For the respondent there was a brief and oral argument by *Richard T. Becker,* district attorney.

HALLOWS, J.    The appellants contend: (1) The County School Committee lacked jurisdiction to make the order because the statutory notice requirements were not substan-

tially complied with and the decision to reorganize the district was not made at the conference with the interested school boards, and (2) the County School Committee's order was unreasonable and arbitrary.

The County School Committee acquired jurisdiction to make an order of the school-district reorganization under sec. 40.025 (1), Stats., when it gave notice of the public hearing upon the resolution it adopted on its own motion, but it may lose such jurisdiction by failing to substantially comply with the procedural steps required to be taken by it prior to the issuance and filing of its order. Sec. 40.025 (1) (d) 1. Specifically, the appellants argue that the notice of the public hearing was not mailed to every member of the school board of each school district, township, and village affected by the proposed reorganization required by sec. 40.025 (2), and did not contain a description of all the territory proposed for attachment, relying on *State ex rel. Foster v. Graham* (1884), 60 Wis. 395, 19 N. W. 359. That case held the general language in an order that notice was given as provided by law was not sufficient recital and does not amount to *prima facie* evidence of a judicial fact.

The order appealed from recites:

". . . all proceedings, notices, publications, and hearings have been duly made pursuant of and in accordance with the statutes and laws of the state of Wisconsin, . . ."

In addition to the common-law presumption that public officials have complied with all statutory requirements in performing their official duties,[1] sec. 40.025 (4), Stats., provides a school-reorganization order shall be presumptive evi-

---

[1] *Bartlett v. Joint County School Comm.* (1960), 11 Wis (2d) 588, 106 N. W. (2d) 295; *Marshall Drainage Dist. v. Festge* (1956), 272 Wis. 114, 74 N. W. (2d) 616; *Bohn v. Sauk County* (1954), 268 Wis. 213, 67 N. W. (2d) 288.

dence of the facts recited therein and of the validity of all proceedings preliminary thereto. The appellants had the burden of overcoming this presumption in showing noncompliance with the statute. True, the minutes of the public hearing do not disclose a copy of the notice was mailed to each member of the interested school boards but no statutory provision so requires. The secretary of the meeting testified he did send notices to the individual board members, and his testimony stands undisputed. This testimony and sec. 40.025 (4) render the *Foster Case* inapplicable to these facts.

Likewise, the description in the notice of the public hearing was sufficient and in substantial compliance, although the township of Addison was not directly mentioned. The notice referring to the Oak Knoll School District stated, "All of that portion of the district which is in Barton township and that portion which lies to the east of Big Cedar lake including the east half of section 17 of West Bend township" would be attached to the West Bend District and "All of that portion which is west of Big Cedar lake, including the west half of section 17 of West Bend township" would be attached to the Slinger District. While this is not a legal description, the statute does not require such or prescribe any form of notice. Such description of the area would not be sufficient in a reorganization order under sec. 40.025 (3), Stats. Here, however, we are dealing with a notice of a public meeting.

The function of a notice is to state the time, place, and purpose of the hearing to the people who are entitled to such notice so they may attend the hearing and express their views. The residents of the township of Addison know they live west of Big Cedar lake; and the general description of the area west of Big Cedar lake included all of the Oak Knoll School District. At least one participant who lived in the

school district lying in the township of Addison had attended the hearing as a result of having read the notice. The appellants produced no proof that any interested person living in the Addison township was misled by the notice. The burden of proving that the notice was not sufficient to give a fair notice of the time, place, and purpose of the hearing was on the appellants. *Joint School Dist. v. Waupaca* (1955), 271 Wis. 100, 72 N. W. (2d) 909; *School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407. This burden the appellants failed to meet.

The statute requires a conference of the County School Committee with the school boards affected within thirty days after the public hearing and before making the order, but there is no provision of how this conference is to be called or what notice need be given thereof. Sec. 40.03, Stats. In the nature of things, some notice must be given, which was done in this case at the public hearing. The statute does not require a meeting of the County School Committee with the school boards involved, but a conference, which we take to mean something less than a meeting at which a quorum of each school board and of the County School Committee must be present to constitute a valid meeting. It is necessary that each school board be represented at such conference but we find no statutory requirement a majority of each school board must be in attendance. This must have been the intention of the legislature because a conference is merely to exchange views of the respective parties and not necessarily to arrive at a joint decision of all the members present. The views of a school board can be validly given without a majority of the board present, which was done in this case. This section also requires that at such conference a decision be made, but this is a decision of the County School Committee (reorganization authority) and not a joint decision

of the committee and the school boards. Consequently, the fact there was not a majority of the Slinger school board present does not affect the validity of any decision which might have been made by the Washington County School Committee at such conference.

The most-important question is whether such a decision was made at the conference. The appellants contend it was not, because the minutes do not so show, relying on *Joint School Dist. v. Walworth County School Comm.* (1959), 6 Wis. (2d) 366, 94 N. W. (2d) 695. However, in the *Walworth Case* the record affirmatively showed a decision was reached after the conference in the form of a poll taken of members of the reorganization authority at its resumed meeting. Because of this showing that the decision was not made at the conference, we stated the presumption of the validity of all preliminary proceedings provided by sec. 40.03 (2), Stats., was not applicable.

At the hearing before the circuit court, the secretary of the Washington County School Committee testified the minutes did not show a statement made by him that there seemed to have been a unanimous agreement at the conference. The chairman of the committee also testified that the order was a result of the conference decision and he understood at the close of the conference there was a general agreement an order would be issued in accordance with the resolution. The order was, in fact, thereafter signed upon a formal resolution the same night at an executive meeting of the County School Committee. This testimony does not run counter to the presumption and, if anything, aids it. On this issue, as on the others, the appellants had the burden of showing the committee did not substantially comply with the statutory requirements.

The argument of the appellants, at most, raises an inference that the decision was arrived at without due con-

sideration of the views expressed at the public hearing and those expressed at a prior hearing and meeting. It was ably argued the public hearing, the conference, and the executive session, all being held in quick succession on the same evening and the fact the school boards, or at least the Slinger board, had previously made up its mind prior to the public hearing, show no consideration was given to the public hearing. This argument would be better addressed to the second issue of whether the committee abused its authority than to whether it fulfilled statutory requirements. The manner in which the proceedings were conducted, and the incompleteness of the minutes of the hearing, conference, and meeting, leave much to be desired and cannot be said to exemplify model procedure. The public hearing in school matters is an important step in the reorganization of a school district and is designed to inform those, having the responsibility for the decision, of the wishes and desires of the electors. School boards and county school committees should not irrevocably make up their minds on the merits of a proposed school-district reorganization prior to the public hearing. The statute requires the decision by the reorganization authority be made after the hearing and in conference with the school boards affected. Good practice would require the records of such meetings to reflect the compliance with jurisdictional requirements and the fulfilment of the responsibilities of the school boards and the county school committee. In requiring only substantial compliance with the statutes and providing an order of reorganization is presumptive evidence of the validity of all preliminary proceedings, the legislature was, no doubt, aware that members of the county committees and school boards are not learned in the law. We conclude sufficient proof was not adduced to show the committee's decision was not made at the conference.

There is some indication in this case, as contended by the appellants, that the County School Committee had already made its decision prior to the conference and the hearing. Even if that is the fact, there is not sufficient proof the decision was not reaffirmed at the conference. A reaffirmance under such circumstances would be the statutory decision reached at the conference.

The appellants contend the evidence does not support the trial court's decision that the committee did not abuse its authority in making the order. They point out the effect of the order placed substantial areas closer to West Bend into the Slinger District and other areas closer to Slinger into the West Bend District in disregard of the proximity of lands to the existing districts, and also that some of the electors were in favor of attaching the entire district to the West Bend District. How boundaries in school districts should be changed is not a judicial determination but one of policy delegated by the legislature to the reorganization authority—in this case, to the Washington County School Committee. The disappointment and disagreement of some electors with the decision of the County School Committee do not prove an abuse of discretion. The wisdom or advisability of the order of the committee is not reviewable on appeal under sec. 40.03 (5), Stats., excepting as such facts bear upon the materiality of the issue of an abuse of discretion. *Langland v. Joint County School Comm.* (1961), 12 Wis. (2d) 557, 107 N. W. (2d) 503; *Gerbitz v. Joint County School Comm.* (1957), 274 Wis. 396, 80 N. W. (2d) 377; *Joint School Dist. v. Waupaca, supra; Zawerschnik v. Joint County School Comm.* (1955), 271 Wis. 416, 73 N. W. (2d) 566. Upon the evidence presented, we must affirm the trial court in holding the committee did not abuse its authority in issuing the order.

*By the Court.*—Order affirmed.

The following memorandum was filed April 3, 1962.

PER CURIAM (*on motion for rehearing*).    The motion for rehearing is denied, without costs. It is noted that counsel for both sides have treated the appeal from the circuit court to this court as constituting a stay of the effective date of the County School Committee order. By its terms such order would have been effective as of July 1, 1961. Upon the motion for rehearing the mandate of this court is modified so as to add thereto the following:

"The County School Committee order, having been stayed during the course of these proceedings, shall go into effect July 1, 1962."