STATE EX REL. LOZOFF, Respondent, v. BOARD OF TRUSTEES OF THE VILLAGE OF HARTLAND, Appellant.*

*No. 413. Argued May 2, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 798.)

* Motion for rehearing denied, with costs, on September 6, 1972.

66

For the appellant there were briefs and oral argument by *Robert W. Haight* of Hartland, and *George A. Schmus* of West Allis.

For the respondent there was a brief by *Lowry, Hunter & Tikalsky,* and oral argument by *Thomas E. Anderson,* all of Waukesha.

HANLEY, J. The sole issue presented on this appeal is whether the trial court erred in ruling that nonaction on the part of the village constituted approval of the preliminary plat.

The trial court based its ruling on sec. 236.11 (1) (a), Stats., which reads as follows:

"Before submitting a final plat for approval, the subdivider may submit, or the approving authority may require that he submit, a preliminary plat. It shall be clearly marked 'preliminary plat' and shall be in sufficient detail to determine whether the final plat will meet layout requirements. Within 40 days the approving authority, or its agent authorized to approve preliminary plats,

shall take action to approve, approve conditionally, or reject such plat and shall state in writing any conditions of approval or reasons for rejection, unless the time is extended by agreement with the subdivider. *Failure of the approving authority or its agent to act within such 40 days, or extension thereof, shall constitute an approval of the preliminary plat.*" (Emphasis supplied.)

The emphasized portion of the statute clearly indicates that the failure of a municipality to approve, conditionally approve, or reject a preliminary plat within forty days and to notify the subdivider in writing of such action within that period automatically results in an approval of the preliminary plat. The village contends, however, that constructive approval of the plat should not result in this case, since the plat allegedly violates the official village map. The village notes that the official map can be changed only after public hearings have been held, as required by sec. 62.23 (6), Stats., and that approval of the preliminary plat is conditioned upon compliance with municipal ordinances and the official map, under sec. 236.13 (1). It is therefore asserted that since the village could not have expressly approved the preliminary plat until the official map was modified, it could not constructively approve the plat by inaction.

A similar contention was rejected by this court in *State ex rel. James L. Callan, Inc. v. Barg* (1958), 3 Wis. 2d 488, 89 N. W. 2d 267. The *Callan Case* involved a mandamus proceeding to compel the city clerk to certify approval of a final plat of a subdivision. It was alleged that the city took no action with respect to the plat within sixty days of its submission, as required by sec. 236.11 (2), Stats. The city objected to approval of the plat on the grounds that it violated certain municipal ordinances. This court, at page 492, stated the following:

"Under sec. 236.11 (2), Stats., it is the duty of the common council to act upon a final plat, either to approve or to reject it, within sixty days of its submission. The

performance of such duty clearly involves examination of the plat to determine whether or not it complies with municipal requirements. We must assume, for the purposes of this decision on the motion to quash, that if there was any noncompliance, the common council would have rejected the plat within the time set by the statute and have advised the petitioner thereof, as required by sec. 236.11 (2). There is the presumption, in the absence of evidence to the contrary, that public officers have properly discharged the duties of their office. . . .

"The plat was neither approved nor rejected within the sixty-day period; the time was not extended by agreement; there were no unsatisfied objections filed within that period. When those circumstances exist the direction of the statute is explicit,—'the plat shall be deemed approved, and, upon demand, a certificate to that effect shall be made on the face of the plat by the clerk of the authority which has failed to act.' . . .

"Appellant further contends that if sec. 236.11 (2), Stats., requires approval by default of a plat which violates municipal ordinances, it is unconstitutional. The question does not arise since we cannot assume that the plat violates any ordinances. As pointed out above, the only permissible assumption is that the plat does comply with municipal requirements; otherwise it would have been rejected. . . ."

The village seeks to differentiate *Callan* on the basis that the official map is a matter of public record and that respondent should have had actual or constructive knowledge thereof. However, the ordinances allegedly violated in *Callan* were also a matter of public record. Moreover, we think the *Callan Case* requires definite action by the municipality within the time established by the statute, whether or not the developer or the municipality is aware of possible objections to the plat. This is supported by the fact that the time for action on the preliminary plat was inserted in the statute to provide a safeguard for the subdivider. Legislative Council Note, 1955, Wis. Annots. (1970), p. 1139, sec. 236.11. Therefore, the failure of the village to take action within the forty-day period resulted in constructive approval of the pre-

liminary plat, whether or not the plat violates the official map or any municipal ordinance.

The village contends, however, that action was taken within that period, noting that objection was made by the county planning commission thirty-four days after the plat was submitted to the village. However, under sec. 236.12 (3) and (6), Stats., any agency objecting to the plat must do so within twenty days of the date of receiving copies of the plat, or it will be deeemed to have no objection to the plat. Since the objection of the county planning commission was entered after the twenty-day limitation, its objection is of no effect.

The village further contends that its action in tabling the consideration of the plat amounted to action within the forty-day time limit. However, sec. 236.13 (5), Stats., states that an appeal may be taken from a municipality's failure to approve a plat within thirty days of notification of the rejection of the plat. This requires that some definite action must be taken by the municipality. Sec. 236.11 (1) (a) specifies that the approving authority shall take action to approve, approve conditionally, or reject such plat and state in writing any conditions of approval or reasons for rejection. Merely tabling consideration of the plat is not such definite action as to amount to a rejection of the plat. As noted in *State ex rel. Albert Realty Co. v. Village Board* (1959), 7 Wis. 2d 93, 99, 95 N. W. 2d 808, sec. 236.11 requires a written statement of the reasons for rejection of the plat to be given to the developer in order to give him the opportunity to cure any objections to the plat. No written statement or notice of rejection was given to respondent within the forty-day period in this case; the rejection of the plat occurred on May 10, 1971—almost five months after the plat was originally submitted. Therefore, the city failed to take action as required by the statute, and the plat was constructively approved by the operation of sec. 236.11 (1) (a).

The village asserts that the preliminary plat did not meet the technical requirements of the village code or of sec. 236.15, Stats., with respect to details to be shown on the plat. It is noted that street names, building lines, the location of utilities and the placement of monuments are not shown. The village therefore contends that this should not even be considered to be a preliminary plat. The record discloses no objection to the alleged lack of detail in the plat. Moroever, this court has held that a preliminary plat need not meet the same requirements as a final plat. *Lakeshore Development Corp. v. Plan Comm.* (1961), 12 Wis. 2d 560, 568, 107 N. W. 2d 590. If the village objected to technical deficiencies in the plat, it should have noted that objection prior to the expiration of the forty-day period.

The village further asserts that the trial court should have heard evidence as to respondent's status as an "aggrieved person." In a supplementary return, the village noted that George E. Frederick who had been a codeveloper of this project, and who had originally been named a copetitioner in the certiorari proceeding, had assigned his interest to a corporation and no longer had any interests in the lands. The title of the proceeding was amended by stipulation to delete Mr. Frederick as a party. The village does not indicate how respondent was affected by Mr. Frederick's assignment; and it appears that respondent is still the holder of an option to purchase the lands involved in this project. The holder of an option to purchase property for development has sufficient standing to be aggrieved by a municipality's rejection of a plat submitted by him. *Lakeshore Development Corp. v. Plan Comm., supra,* at page 570. We find no merit to this contention.

Finally, the village contends that respondent submitted a revised plat in February of 1971, and that this constituted an implied agreement to an extension of time for the village to consider the plat. The record does not dis-

close when the revised plat was submitted, but even assuming that it was submitted in February, it would not operate as an implied agreement for the extension of time, since the time in which the village could act expired on January 4, 1971. In any event, the revised plat does not appear to be materially different from the original plat.

We conclude that the village should have taken definite action to conditionally approve or reject respondent's preliminary plat and to notify respondent of such action within the time set by statute. Its failure to do so constituted an approval of the plat.

*By the Court.*—Judgment affirmed.