KULTGEN, Respondent, vs. MUELLER and others, as OZAUKEE COUNTY HIGHWAY COMMITTEE, and another, Appellants.

*February 6—February 28, 1958.*

For the appellants there was a brief by the *Attorney General* and *Richard E. Barrett,* assistant attorney general, and *Richard C. Bonner,* special counsel for Ozaukee county, and oral argument by *Mr. Barrett, Mr. Bonner,* and by *Mr. James J. Koenen,* district attorney.

For the respondent there was a brief and oral argument by *Frank X. Didier* of Port Washington.

MARTIN, C. J.   It is alleged in the complaint that plaintiff is the owner of certain described real estate located in Ozaukee county, which he acquired by deed dated June 23, 1956, recorded in the office of the register of deeds of Ozaukee county on June 25, 1956; that about September 10, 1956, the plaintiff received from the Ozaukee County Highway Committee an instrument purporting to be an award for damages for a portion of said real estate and other real estate owned by other persons; that said award was recorded in the office of the register of deeds on September 6, 1956; that the defendants never dealt with the plaintiff for purchase of the land and that their failure to do so renders the proceedings by which the award was made void.

Defendants answered, entering a general denial to the allegations of the complaint.

The record shows that the Highway Commission attempted to purchase the land in question from the former owner, plaintiff's father, and was advised of the transfer to the son. Defendants admit that they never tried to deal with the plaintiff. It is their contention, however, although not alleged in

the answer, that the conveyance by Leo Kultgen, the father, to the plaintiff was part of a scheme designed to increase the value of the land and that the transfer is a nullity so far as it may affect the taking for highway purposes, citing *Cunneen v. Kalscheuer* (1926), 188 Wis. 448, 206 N. W. 917. As defendants set out in their brief, there was direct testimony by the grantor in the *Cunneen Case* that the deed was given for the purpose of preventing a highway change from becoming effective. The rule applied in that case is still the law, but the record here contains no testimony upon which the court could make a finding that the transfer was made to adversely affect the public interests. On the contrary, plaintiff testified that he acquired the land with the intention of building thereon in the future and the father testified the transfer was not made with the intent of creating an artificial value of the land.

There is no proof by defendants that the transfer was made for the purpose of increasing the price to them. The mere fact that the father transferred a portion of the farm after he knew of the Highway Commission's plans is not of itself evidence of such intent. Nor does sec. 84.09 (2), Stats., under which the defendants proceeded with condemnation, provide that the filing of the order and map with the county clerk and the County Highway Committee shall act as a *lis pendens*. There must be more than a suspicion of such an intent to bring the transfer under the provisions of the *Cunneen Case, supra*.

The statutory requirement that the landowner be dealt with in an attempt to purchase before condemnation is resorted to has been held to be a valuable right of the owner of the property and failure to negotiate has been held to be a jurisdictional defect. *Milwaukee v. Diller* (1927), 194 Wis. 376, 216 N. W. 837.

It is unnecessary to discuss the merits of the case in any further detail; the above discussion is set out merely for the

guidance of the parties. We hold here that the plaintiff had an adequate remedy at law and where a complete remedy is given by statute, it must be pursued.

Sec. 84.09 (2), Stats., provides that the recipient of an award may "apply to the county judge" to appraise his damages. The next sentence uses the words "Any recipient appealing. . . ." It is provided that after application to the county judge the proceedings shall be as provided in sec. 83.07. Sec. 83.07 (5) provides for either side filing with the (county) "judge" a notice of appeal from the judge's award to the circuit court and thereupon the proceedings "shall be as provided in section 32.11."

In *Klump v. Cybulski* (1957), 274 Wis. 604, 609, 81 N. W. (2d) 42, an action was commenced by landowners to enjoin commissioners appointed under sec. 32.08, Stats., from making an award of compensation for condemnation of an easement over the plaintiffs' property. The trial court dismissed the complaint. This court said:

"The judgment appealed from might well be sustained on the sole ground that plaintiffs failed to show that they were without an adequate remedy at law and would suffer irreparable injury were the commissioners to proceed to appraise the property and make an award of compensation. It is elementary that one who invokes the aid of equity must ordinarily make such a showing. There is nothing in the present case to take it out of that general principle. *The courts should not lightly entertain such collateral actions to enjoin performance of duties imposed by statute.*

"In the instant case the plaintiff landowners have failed to show that their rights could not be adequately preserved and protected by appeal under sec. 32.11, Stats., from the award of the commissioners. That section provides that any party to condemnation proceedings may appeal from the commissioners' award to the circuit court, and that the matter shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein. This court has held on several occasions that on such

an appeal a trial *de novo* may be had 'upon any and all issues that can be properly framed or asserted upon the entire record as it then stands.' *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 401, 214 N. W. 388; *Manns v. Marinette & M. P. Co.* 205 Wis. 349, 351, 355, 235 N. W. 426, 238 N. W. 624; *Tobin v. Willow River Power Co.* 208 Wis. 262, 263, 242 N. W. 480.

"Accordingly, in such an appeal the plaintiffs can have a judicial determination of all matters which they have presented to the court in the present action to enjoin the commissioners from doing their duty. The court could then review, to the extent reviewable in any judicial proceeding, the necessity of the taking, its permissible extent, and the propriety of the appointment of commissioners." (Emphasis ours.)

That decision is controlling in this case. The trial court should have dismissed the complaint. The validity of the award, as attacked on the ground that defendants failed to negotiate with the plaintiff prior to condemnation, is a matter for determination by the trial court in proceedings under sec. 32.11, Stats. As stated in *Madison v. Tiedeman* (1957), 1 Wis. (2d) 136, 143, 83 N. W. (2d) 694:

"Ch. 32, Stats., furnishes a complete and exclusive method of procedure in condemnation matters. Statutes of this kind are in derogation of the common law, and are to be strictly construed." See also *Barrows v. Kenosha* (1957), 275 Wis. 124, 81 N. W. (2d) 519.

Where, as here, there is an adequate statutory remedy, it must be pursued.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.