STATE, Appellant, v. BERG and another, Respondents.*

*February 5—March 8, 1960.*

* Motion for rehearing denied, without costs, on May 3, 1960.

For the appellant the cause was argued by *A. J. Feifarek*, assistant attorney general, with whom on the brief was *John W. Reynolds*, attorney general.

For the respondent Jessie E. Berg there was a brief by *Brazeau, Brazeau & Cole* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau*.

For the city of Marshfield there was oral argument by *John H. Stauber* of Marshfield.

A brief was filed by *Peickert, Anderson & Fisher* and *John E. Shannon, Jr.*, all of Stevens Point, as *amici curiae*.

MARTIN, C. J. Pursuant to sec. 114.33, Stats., the city of Marshfield filed a petition with the state aeronautics commission of Wisconsin for the development of its municipal airport with federal and state aid. A public hearing was

held, as required by the said section, and the commission made its finding approving the location of the airport site, the character and extent of the improvements deemed necessary, and an estimate of the costs and the amount to be paid by the city of Marshfield. The finding was thereafter duly approved by the governor of the state of Wisconsin. Sec. 114.33 (3) provides:

"Such finding shall constitute approval of the airport site so specified as a portion of the state airport system."

A copy of the finding was filed with the city of Marshfield. By action of its common council the city provided its share of the estimated cost of the project and notified the aeronautics commission thereof.

Plans for the development of the project were drawn, and the aeronautics commission, on December 12, 1958, issued its finding that it was necessary to acquire the fee-simple title of the lands owned by Jessie E. Berg, and ordered that said lands be acquired by the city of Marshfield pursuant to sec. 114.33 (8) (a), Stats. That section provides:

"The commission, upon the petition of the sponsoring municipality, may provide that all or certain parts of the required land or interests therein may be acquired by the municipality named by the commission. When so provided, the municipality and the commission shall appraise and set the maximum price, including damages, considered reasonable for the lands or interests to be so acquired. The municipality shall endeavor to obtain easements or title in fee simple by conveyance of the lands or interests required, as directed in the commission's order. The instrument of conveyance shall name the municipality or municipalities as grantee and shall be subject to approval by the commission, and shall be recorded in the office of the register of deeds and filed with the commission. If the needed lands or interests therein cannot be purchased expeditiously within the appraised price, the municipality may acquire them by con-

demnation under ch. 32, or as provided in sec. 83.07 (4) and (5) or, subject to approval by the commission, as provided in sec. 84.09 (2)."

Pursuant to the order of the aeronautics commission the city, on May 18, 1959, made its award for the acquisition in fee-simple title of the said lands of Jessie E. Berg, with the approval of the commission. The award recited that the city had endeavored to purchase said lands and was unable to purchase the same expeditiously for a price deemed reasonable by the city and the aeronautics commission. The award, in the sum of $23,000 in favor of the landowner and later amended to include $1 to her tenant, was tendered to the owner and lessee and was refused. The award provided that it "be served upon the said owner of said real estate, personally, and if she cannot be found at her usual place of abode, by mailing a copy hereof to her, at her usual place of abode, by registered mail." Said amount was later deposited with the clerk of the circuit court for Wood county by the aeronautics commission, stating:

"The amount of the award was previously tendered to the owner, Jessie E. Berg, and was refused. Tender is now being made by depositing the same with you and payable to you as clerk of Wood county courts as provided in ch. 84.09 (2), Wisconsin statutes."

These various recitals in the record carry the presumption of compliance with the law, since nothing appears to the contrary. The record before us contains records of the state aeronautics commission, of which this court takes judicial notice in determining that there has been compliance with the procedure set forth in the statutes. See *Ferguson v. Kenosha* (1958), 5 Wis. (2d) 556, 93 N. W. (2d) 460. There is nothing in the record to rebut the presumption except respondents' allegations and denials based upon in-

formation and belief which are a nullity under the *Ferguson Case* and cases cited therein.

In *Bohn v. Sauk County* (1954), 268 Wis. 213, 219, 67 N. W. (2d) 288, this court held:

"There is a presumption that public officers in performing their official duties have complied with all statutory requirements, and this presumption applies to acts of official boards and legislative bodies as well as to those of individual officers. 31 C. J. S., Evidence, p. 798 *et seq.,* sec. 146. . . . Therefore, in the absence of any evidence to rebut the presumption, it will be presumed that the county board performed its duty . . ."

In *Marshall Drainage Dist. v. Festge* (1956), 272 Wis. 114, 117, 74 N. W. (2d) 616, it was stated:

"Appellant contends that mandamus is not a proper remedy. We cannot agree. The assessment was certified to the register of deeds of Dane county and it thereupon became the duty of Dane county to levy a tax to pay it. *State ex rel. Bushnell v. Gates* (1867), 22 Wis. *210. In the absence of evidence to the contrary, it must be presumed that Dane county took all steps necessary to, and did, levy the required tax.

" 'This is because of the presumption that public officers have properly discharged the duties of their office. 43 Am. Jur., Public Officers, p. 254, sec. 511, and *Bohn v. Sauk County* (1954), 268 Wis. 213, 219, 67 N. W. (2d) 288.' *State ex rel. Nelson v. Rock County* (1955), 271 Wis. 312, 316, 73 N. W. (2d) 564."

On June 12, 1959, Jessie E. Berg commenced an action against the city of Marshfield to have the award of damages set aside. The complaint alleged that the award was invalid because secs. 114.33 (8) and 84.09 (2), Stats., are contrary to sec. 2, art. XI, Const., in that they purport to authorize the city of Marshfield to take and apply for public use the respondent's property without her consent without a prior

determination of necessity. A temporary restraining order was issued and the city of Marshfield interposed a demurrer to the complaint. The demurrer was overruled and the city filed its answer. Thereafter the city moved for summary judgment, which motion was denied.

On August 6, 1959, the aeronautics commission filed an award of damages in amount of $23,001 for the Berg property, reciting that it had found it necessary to acquire title to said lands for airport purposes; that it had ordered the city of Marshfield to acquire the property; that the city made an award pursuant to secs. 114.33 (8) (a) and 84.09 (2), Stats.; that the award was served upon and tendered to the landowner and lessee by checks drawn upon the treasury of the state of Wisconsin; that the tender was refused and the amount of the award was deposited with the clerk of the circuit court for Wood county to be held for respondents' benefit. It recites that the award had been contested by the landowner; that the aeronautics commission ordered the city of Marshfield to convey the said property to the state; that the commission endeavored to gain possession of the property but that the owner continues to refuse possession and continues to claim title. The award tendered the sum of $1 and stated that the $23,001 originally tendered and deposited with the clerk of the circuit court for Wood county remains on deposit with said clerk for respondents' benefit. Copies of the award with the tender of $1 were delivered to respondents' attorney.

The city of Marshfield conveyed title to the property to the state without cost, pursuant to the provisions of sec. 114.33 (8) (b), Stats., and the state thereupon brought a petition for a writ of assistance against Jessie E. Berg, the landowner, and Joseph Kappel, the lessee. The trial court made the Berg v. Marshfield action, then pending in the court, a part of the proceedings in this matter. The trial

court denied the motion for a writ of assistance, and this appeal is taken from that order.

Appellant's first contention is that the city of Marshfield, in making the award of May 18, 1959, was acting as the agent of the state, and we agree. Under sec. 114.33 (6), Stats., the aeronautics commission has the right to condemn lands for airport purposes, in which case the state is named as grantee. Under sub. (8) (a) of the section, the commission may require a municipality to acquire such lands, in which case the municipality is named as grantee, subject to the approval of the commission, and under sub. (8) (b), said property shall be conveyed by the municipality to the state without charge when so ordered by the commission.

The record establishes that the aeronautics commission made a finding, approved by the governor, that acquisition of the lands in question was necessary for airport purposes, and that the commission ordered the city of Marshfield to acquire title to the lands. When the city acted in accordance with the commission's order, it acted as the agent of the state.

Under sub. (3) of sec. 114.33, Stats., the commission's finding favorable to the airport project "shall constitute approval of the airport site so specified *as a portion of the state airport system.*" A reading of sec. 114.33 (8) (a) shows that all of the municipality's acts with respect to acquisition of lands found necessary for such a project by the commission are performed in accordance with the order of the commission and in conjunction with or subject to the approval of the commission. And, as noted above, lands so acquired by the municipality must be conveyed to the state without charge when the commission so orders.

Under sec. 114.33, Stats., the aeronautics commission may either condemn needed lands itself or order a munici-

pality to do so. In either case the taking is for a state-wide public purpose and the actual condemnor is the state. See *Ferguson v. Kenosha, supra.*

In this case when the city's motion for summary judgment was denied in Mrs. Berg's case, the aeronautics commission made its own award for the taking of the lands in question. Respondents attack the validity of this award, first, on the ground that the state did not carry on negotiations in good faith with Mrs. Berg in regard to the price of the property before making the award. Sec. 114.33 (7), Stats., provides that the aeronautics commission may proceed under sec. 84.09 (2) if the needed lands "cannot be purchased expeditiously for a price deemed reasonable by the commission." Respondents cite *Kultgen v. Mueller* (1958), 3 Wis. (2d) 346, 88 N. W. (2d) 687, and argue that no bargaining was carried on with Mrs. Berg, there being only one offer made to her, which she refused. There is nothing in the record to support such a statement. On the other hand, the awards recite that the state (the city, as its agent) had endeavored to purchase said lands and was unable to do so expeditiously for a price it deemed reasonable. As stated above, there being nothing in the record to the contrary, it must be presumed that the procedure followed was regular and in full compliance with the statutes.

Secondly, respondents point out that sec. 114.33 (7), Stats., requires that the aeronautics commission make the determination of whether or not the property can be purchased expeditiously and for a reasonable price, whereas here Mr. T. K. Jordan, director of the commission, made the award and it was not ratified by the commission until a later date. They argue that condemnation statutes must be strictly construed, but they overlook the basic rule of construction that the intent of the legislature in enacting the

statute must be determined and the statute interpreted in accordance with. such intent. The constitutionality of sec. 114.33 (7) was settled in the *Ferguson Case, supra.* The argument that the failure of the commission to make the award in the first instance renders the award invalid is without merit. The commission is a part-time commission with a full-time director. Under sec. 114.30 (3), during the interim of its meetings, the director is required to exercise the powers of the commission. Again, the presumption of regularity attaches. *Ferguson v. Kenosha, supra,* page 568, and cases cited.

Third, respondents maintain that a proper tender of the commission's award was not made. Sec. 84.09 (2), Stats., provides:

"Said tender may be made by registered mail or by personal service."

As mentioned above, the record shows that the award provided for personal service or, in the alternative, service by registered mail, and that the clerk of the circuit court for Wood county was notified, on the deposit of the amount of the award with him, that tender had been made to the owner and was refused. Since there is no showing to the contrary, it must be presumed there was compliance with the law.

The commission's award of August 6, 1959, states, in part:

". . . that the sum of One and no/100 ($1) Dollar is hereby tendered to the owner and lien holder of the above said property, and that the ($23,001) originally tendered to the above-named owner and lien holder, and deposited with the clerk of court for Wood county for the benefit of the above-named owner and lien holder, remains on deposit with the clerk of circuit court for Wood county for their benefit."

Respondents contend that only $1 was personally tendered and reference to the tender originally made and on deposit with the clerk of court is not sufficient under sec. 84.09 (2), Stats. The argument is capricious. The fact that the $23,001 was not physically tendered to the respondents, as was the $1, is immaterial. It was on deposit with the clerk for the respondents' benefit; the award so stated, and no prejudice or confusion resulted to the respondents by tendering the award in that manner.

Finally, respondents maintain that a writ of assistance may not issue because there is a *bona fide* dispute as to the title to the property in question. The procedure followed by the aeronautics commission in this matter is that provided for in sec. 84.09 (2), Stats., as directed in sec. 114.33 (7) and (8) (a). Sec. 84.09 (2) provides in part:

"After the award of damages has been recorded in the office of the register of deeds, and the amount of the award has been paid, tendered, or deposited as herein set forth title to lands described in the award shall vest in the state for the use and to the extent designated in the award and the state may take possession of the lands and exercise full control of the interests in lands acquired. The circuit court of the county may upon twenty-four hours' notice to the occupant of such lands grant a writ of assistance to the state to place it in possession of such lands."

The award has been recorded with the register of deeds, the amount thereof has been deposited with the clerk of the circuit court, and all other statutory procedures have been followed by the state of Wisconsin. It is therefore entitled to the writ of assistance to place it in possession of the lands in question.

We may say that the motion for summary judgment should have been granted in Berg v. Marshfield. All allega-

tions made therein with respect to the constitutionality of the statute had been resolved by *Ferguson v. Kenosha, supra,* and the record showed that the procedure followed by the state, through its authorized agent, the city, was in accordance with the statute.

*By the Court.*—Order reversed, and cause remanded with instructions to enter an order granting the writ of assistance.