CARROLL D. BESADNY, Secretary Department of Natural Resources
You have asked for my advice on the applicability of the open meetings law to Department of Natural Resources advisory committees.
As you point out, the department has a variety of advisory committees. Some committees are created by statute, such as the snowmobile recreation council created by section 15.347(7), Stats., whose members are appointed by the Governor with the advice and consent of the Senate, and the off-the-road vehicle advisory council created by section 15.347(11), whose members are appointed by the natural resources board. Other advisory committees may be appointed by a department district director, bureau director or property manager who wants to learn about public concerns regarding a specific activity. An example of such a committee was the voluntary aquatic nuisance control review panel composed of citizens appointed by a bureau director. The panel was designed to provide citizen and local government advice to the department assessment of the effect on the public of program changes. Also, the Winnebago comprehensive planning project used several committees. Department employes served on some of those committees along with citizens. All the committees discussed and referred to in this opinion have at least some members who are not officers or employes of the DNR.
The open meetings law applies to a governmental body, as that term is defined in section 19.82(1): *Page 68 
 "Governmental body" means a state or local agency, board, commission, committee, council, department or public body corporate and politic created by constitution, statute, ordinance, rule or order; a governmental or quasi-governmental corporation except for the Bradley center sports and entertainment corporation created under ch. 232; any public purpose corporation, as defined in s. 181.79(1); a nonprofit corporation operating an ice rink which is owned by the state; or a formally constituted subunit of any of the foregoing, but excludes any such body or committee or subunit of such body which is formed for or meeting for the purpose of collective bargaining under subch. IV or V of ch. 111.
The committee referred to in the definition includes advisory committees as well as committees that have been delegated decision-making authority. State v. Swanson, 92 Wis.2d 310, 317,284 N.W.2d 655 (1979), and Wisconsin Open Meetings Law, A Statutory Summary and a Digest of Opinions of the Attorney General, July 31, 1978 at 9. In Swanson, the supreme court stated that a committee is not required to have the authority to bind its parent body before it is subject to the open meetings law. The court explained that the "ultimate question is whether the members of a governmental body have convened for the purpose of exercising the responsibilities, authority, power, or duties delegated to or vested in the body, sec. 19.82(2), Stats., and not whether the governmental body is empowered to exercise the final powers of its parent body." Swanson, 92 Wis.2d at 317.
The advisory committees created by statute clearly fall within the definition in section 19.82(1) because of the manner in which they are created.
The committees created by the natural resources board are included within the definition because the board is a governmental body and the committees it creates by rule or order are, in turn, governmental bodies. The kind of order needed to create the committees is not defined in the open meetings law; *Page 69 
but by reason of section 990.01(1), the word is to be construed according to its common and approved usage. Webster's Third New International Dictionary 1588 (1976) defines "order" to include: "3 a . . . (2): an authoritative mandate usu. from a superior to a subordinate." The board would, therefore, be creating a committee by order whenever it authorizes the committee and assigns the duties and functions of the committee. Neither the statute nor the dictionary definition require that the order be formal. All that is required to create a governmental body is a directive creating the body and assigning it duties. If a formal order were required, the open meetings law might be evaded by the creation of "informal" bodies. Therefore, the interpretation that the open meetings law does not require that the order be formal is consistent with the statement by the Florida Supreme Court that the sunshine law "`should be construed so as to frustrate all evasive devices.'" Wood v. Marston, 442 So.2d 934, 940 (Fla. 1983).
Committees created by order of the secretary of the department would be governmental bodies, just as those created by the board, because the secretary possesses many of the powers and duties of the board. Sec. 15.05(1)(b), Stats.
The committees created by the department district directors, bureau directors and property managers are also governmental bodies and subject to the open meetings law. The head of the department may delegate and redelegate to any officer or employe of the department any function vested by law in the head. Sec.15.02(4), Stats. Because public officials are presumed to act within the law and within their authority, Herro v. Dept. ofNatural Resources, 67 Wis.2d 407, 426, 227 N.W.2d 456 (1975) andFerguson v. Kenosha, 5 Wis.2d 556, 568, 93 N.W.2d 460 (1958), it must be presumed that the district and bureau directors and property managers act within the scope of delegated authority when they create committees and appoint committee members. The advisory committees, therefore, are treated the same as if *Page 70 
they were created by the board or the secretary and are subject to the open meetings law.
This conclusion is consistent with the analysis in Greene v.Athletic Council of Iowa State U., 251 N.W.2d 559 (Iowa 1977), where the Iowa Supreme Court held that the athletic council created by university administrative officials was a public body subject to the open meetings statute because it was authorized by law when it was delegated authority of the state board of regents.
The conclusion that the advisory committees appointed by directors and property managers, as well as those by the board and the secretary, are subject to the open meetings law is consistent with the declaration in section 19.81(1) that it is "to be the policy of this state that the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business." The open meetings law is to be construed liberally to achieve this purpose. Sec. 19.81(4), Stats. Whether created by the board, directors or property managers, the advisory committees are an affair of government because their actions affect the decisions of the department and its employes; and because the committees are an affair of government, the public is entitled to the fullest information about them, pursuant to the policy stated in section 19.81(1).
For the reasons I have discussed, I conclude that the advisory committees to the Department of Natural Resources are subject to the open meetings law whether they are created by the board, the secretary, district directors, bureau directors or property managers.
DJH:SWK *Page 71