Raymond P. Taffora Deputy Attorney General
Mr. Jonathan Anderson Mr. Jesse Manser Mr. Matt Schultz c/o Mark Zoromski University of Wisconsin-Milwaukee Department of Journalism and Mass Communication 117 Johnston Hall Post Office Box 413 Milwaukee, WI 53201
Gentlemen:
You request an opinion of the Attorney General as to whether student government organizations at the various institutions composing the University of Wisconsin ("UW") System are subject to the requirements of Wisconsin's public records law and open meetings law. More specifically, you direct your inquiry to the status of any entities that are organized by students and operate pursuant to the student shared governance provisions of section 36.09(5) of the Wisconsin Statutes and that are recognized by their respective UW institutions as institution level components of university governance. You have also supplied extensive supporting materials, including an exhibit that lists what appears to be a UW-recognized, institution-wide student government organization or entity for each of the UW System's 26 component institutions. In the alternative, you ask whether those listed organizations and entities are subject to the public records law and the open meetings law.
At the outset, I must take note of the fact that some of the questions you have raised under the public records law are closely related to issues in pending litigation in which the Wisconsin Department of Justice ("Department") is involved. It is a long-established policy of the Department not to issue opinions on questions that are the subject of current or reasonably imminent litigation. 77 Op. Att'y Gen. Preface (1988). Accordingly, I will not specifically discuss questions arising under the public records law, but instead will be limited to discussing *Page 2 
whether the student government organizations about which you inquire are "governmental bodies" that are subject to the open meetings law under section 19.82(1).[1]
For the reasons stated herein, it is my opinion that a UW student entity is subject to the open meetings law where there exists one or more directives — formal or informal — that create the entity and assign it some governmental responsibilities under section 36.09(5) and where the entity takes the form of a committee, council, representative assembly, or similar collective entity with a determinate membership, the members of which act as a body in relation to the assigned governmental responsibilities. However, student organizations that do not take such a collective form or that have not been assigned powers or duties of university governance under section 36.09(5) are not governmental bodies subject to the open meetings law.
Your letter of inquiry and supporting materials contend at length that UW student government organizations perform a wide variety of governmental responsibilities that should be open to public scrutiny under Wisconsin's well-established legislative policy of favoring open government. Such broad considerations of public policy, however, even if true, do not alone provide a sufficient basis for generalized conclusions about the legal status of such organizations. It is necessary, rather, to consider on a case-by-case basis whether a particular entity falls within the specific definition that the Legislature has prescribed for a "governmental body" subject to the open meetings law.
The open meetings statutes broadly define a "governmental body" as "a state or local agency, board, commission, committee, council, department or public body corporate and politic created by constitution, statute, ordinance, rule or order." Sec. 19.82(1), Wis. Stats. That definition primarily defines a "governmental body" not by the type of governmental authority it possesses, but rather by the way in which the body has beencreated — i.e., whether it is "created by constitution, statute, ordinance, rule or order." Sec. 19.82(1), Wis. Stats.
The words "constitution" and "statute," as used in section 19.82(1), refer to the constitution and statutes of the State of Wisconsin. It is apparent that the kinds of student government organizations about which you inquire are not created by the Wisconsin Constitution *Page 3 
or by any local ordinance. Nor am I aware of any administrative rule promulgated by a government agency, including the the UW Board of Regents, that purports to create such student entities. It follows that a student government organization can be considered a "governmental body" subject to the open meetings law only if it has been created either by a Wisconsin statute or by an "order."
Your letter argues that the student government organizations about which you inquire are "created" by section 36.09(5), which provides as follows:
 (5) Students. The students of each institution or campus subject to the responsibilities and powers of the board, the president, the chancellor and the faculty shall be active participants in the immediate governance of and policy development for such institutions. As such, students shall have primary responsibility for the formulation and review of policies concerning student life, services and interests. Students in consultation with the chancellor and subject to the final confirmation of the board shall have the responsibility for the disposition of those student fees which constitute substantial support for campus student activities. The students of each institution or campus shall have the right to organize themselves in a manner they determine and to select their representatives to participate in institutional governance.
That statutory provision, in your view, creates "a student-composed, institution-level governing unit at each UW institution" because it requires the students at each institution to be active participants in university governance, assigns important governmental duties and functions to those students, and authorizes them to organize themselves in a manner they determine for the purpose of carrying out those delegated governmental responsibilities. The particular student government organizations that the students then form when they exercise that statutory right to organize are, in your view, merely the organizational structure of the "student-composed, institution-level governing unit" which is itself "created" by section 36.09(5). You infer from this that both the "student-composed, institution-level governing unit" and the particular student organizations that compose its structure are "created by . . . statute" within the meaning of section 19.82(1) and hence are "governmental bodies" subject to the open meetings law.
I agree with your view that section 36.09(5) delegates important governmental duties and functions to the students at each UW institution and authorizes those students to further assign those governmental duties and functions to particular student organizations formed in a manner determined by the students themselves. I nonetheless cannot agree with your conclusion that those particular student organizations are themselves "created" by section 36.09(5). On the contrary, the plain language of that provision, on its face, does not purport to create any particular student organizations or entities. The phrase "student-composed, institution-level *Page 4 
governing unit," on which your analysis heavily relies, does not itself appear to have any statutory foundation. Rather than attempting to read such an extraneous concept into the statute, the better interpretation, in my opinion, is that section 36.09(5) vests in the students of each UW institution the power to create student government organizations and to assign certain governmental functions to them. The resulting organizations, however, are created by the actions of the students, not by section 36.09(5) itself. It is my view, therefore, that UW student government organizations formed by students acting pursuant to section 36.09(5) are not "created by . . . statute" within the meaning of section 19.82(1). C.f. Jenkins v. Jensen, 632 P.2d 858, 860 (Utah 1981) ("A legislative act placing before the voters the decision of whether a new administrative or executive office will be formed does not constitute `creation' of an office."); State v. Gooding, 124 P. 791, 792-93 (Idaho 1912) (statute that authorized the people in a community to organize a highway district did not itself create such districts or any officers of such districts, but left the act of creation with the people themselves).
Although UW student government organizations thus are not "created by . . . statute," they still may be governmental bodies subject to the open meetings law, if they are "created by . . . order." Sec. 19.82(1), Wis. Stats. The term "order," as used in section 19.82(1), has been construed by the Department to generally include any governmental directive, formal or informal, that creates a body and assigns it some governmental powers or duties. See 78 Op. Att'y Gen. 67, 68-69 (1989). This includes directives issued by other governmental bodies, by the presiding officers of such bodies, or by persons who have been given the authority to delegate or re-delegate the governmental responsibilities in question.Id. at 69. Your inquiry thus turns on whether any such formal or informal directives exist creating the student government organizations about which you inquire and assigning to those organizations some or all of the governmental powers that students are authorized to exercise under section 36.09(5).
As previously noted, you have supplied an exhibit that lists what appears to be a UW-recognized student government organization for each of the UW System's 26 component institutions. You have also supplied extensive factual materials which make it appear likely that each of those listed student organizations has been assigned responsibility for exercising some or all of the powers of governance vested in students by section 36.09(5). To the extent that those organizations exist and exercise governmental powers, it seems safe to assume that there must also exist some formal or informal directives creating each organization and assigning it responsibility for exercising those powers of governance. Such directives may be found in documents associated with the self-organizing activities of the students themselves — such as resolutions, charters, or bylaws establishing a student government organization. In addition, depending on the way in which the shared governance provisions of section 36.09(5) are being implemented at a particular UW institution, there may also be pertinent directives issued by university officials regarding the roles of student government organizations in institutional governance. In any event, where a directive can be shown to create a student government *Page 5 
organization and assign it statutorily-authorized governmental powers, it would likely constitute an "order" within the meaning of section 19.82(1). It thus appears possible that UW student government organizations that exercise governance powers pursuant to section 36.09(5) could be "created by . . . order" and hence could be governmental bodies subject to the open meetings law.[2]
Nevertheless, you have not provided us with any examples or other direct evidence regarding the existence or precise nature of any actual directives that create any of the listed student organizations or that assign any specific governmental powers to any of those organizations. In the absence of specific information regarding how those organizations were created and the nature of their governmental responsibilities (such as copies of the resolutions, charters, bylaws, or other documents creating the organizations and/or copies of any relevant policies or directives issued by university officials), I cannot provide an informed and definite opinion as to whether any particular student government organization at any UW campus is itself subject to the open meetings law.
Moreover, even if I were to assume that there exist directives creating each of the student organizations listed in your exhibit and assigning specific governmental powers and duties to those organizations, it still would not necessarily follow that every one of those listed organizations could, in itself, be properly characterized as a "governmental body" subject to the open meetings law. For an organization or group, to be a "governmental body," it not only must be "created by constitution, statute, ordinance, rule or order," but also must have the form of "a state or local agency, board, commission, committee, council, department or public body corporate and politic." Sec. 19.82(1), Wis. Stats. The use of the terms "board," "commission," "committee," "council," "department," and "body corporate and politic" all suggest multi-member groups that act together as a collective unit to perform some common purpose. Sec.19.82(1), Wis. Stats. In addition, a "meeting" is statutorily defined as "the convening of members of a governmental body for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body." Sec. 19.82(2), Wis. Stats. That definition, too, suggests that a meeting subject to the open meetings law must involve a group of persons that has been vested, as a collective unit, with identifiable governmental powers and duties. See also
57 Op. Att'y Gen. 213, 217-18 (1968) (earlier version of open meetings law applied to a *Page 6 
group that has powers or duties vested in it by law, or delegated to it by law, when it acts formally as a body).
Likewise, the Wisconsin Supreme Court has held that a meeting subject to the open meetings law takes place only if there are a sufficient number of members present to determine the governmental body's course of action. See State ex rel. Newspapers v. Showers, 135 Wis. 2d 77, 102,398 N.W.2d 154 (1987). That number can only be calculated, however, if the membership of the body is numerically definable and the body is of a type that exercises collective power pursuant to some definition of when that power rightly exists. The open meetings law thus applies only to an entity that takes the form of a committee, council, representative assembly, or similar multi-member body that has a numerically determinate membership and is authorized, pursuant to law, to collectively exercise power or provide advice on specific matters entrusted to it, acting as a body through some mechanism of collective decision making. .
Based on the available evidence, it is impossible to determine whether all of the UW student government organizations about which you have inquired are collective bodies in the above sense. According to your exhibits, seven of the twenty-six listed student organizations are denominated the "Student Senate" for their respective institutions. The word "senate" typically (but not necessarily) denotes a legislative assembly that does possess the kinds of collective characteristics that are described above and are required of a "governmental body." Therefore, assuming that each listed "Student Senate" has been created by one or more directives that assign it governmental responsibilities under section 36.09(5), it appears likely that those seven bodies would be subject to the open meetings law. A more definite opinion about the status of each such body, however, would require an examination of any actual resolutions, charters, bylaws, university policies, or other documents creating the body and assigning it a role in institutional governance and whether a quorum of its members were present to conduct the body's business.
The other nineteen organizations listed in your exhibits all are denominated the "Student Government Association," "Student Association," "Student Government," or "Associated Students" for their respective institutions. Without additional information about the nature of those organizations, it is impossible to determine whether any of them takes the form of a committee, council, representative assembly, or other entity that possesses the kinds of collective characteristics that are described above and are required of a "governmental body." Based only on the available evidence, it appears possible that some or all of those nineteen entities may be membership organizations consisting of the entire registered student body of the institution in question. Such a membership organization, in itself, would not have the kinds of collective characteristics necessary for a "governmental body." It is, of course, possible that such a student-composed membership organization could create boards, committees, or other bodies *Page 7 
and assign to such bodies some portion of the powers of governance vested in the students by section 36.09(5). Where that happens, the resulting collective body may be a "governmental body" subject to the open meetings law, even if its parent "student government association" is not, in itself, such a body. Once again, however, a definite opinion about the actual status of any such collective body would require a case-by-case examination of any documents creating the body and assigning it governmental responsibilities, as well as whether a quorum exists to conduct the body's business.
In addition, it should be emphasized that a committee or other collective body created by a student government organization will be subject to the open meetings law only if it has been assigned a role in institutional governance under section 36.09(5). That statute gives students a role in the disposition of certain student fees and in the formulation and review of university policies that concern students. Apart from that statute, however, students are also free to associate with one another for many collective purposes that do not involve budgeting the disposition of student fees or formulating and reviewing university policies. For, example, students may choose to create social, cultural, or recreational organizations that perform functions outside the scope of institutional governance under section 36.09(5). Where such organizations do not exercise governmental powers under that statute, they (or their governing boards or committees) are not governmental bodies subject to the open meetings law, even if they are created by a student government association that itself possesses some governmental powers. For example, a student government association might create one committee charged with reviewing certain university policies and another committee charged with organizing a lecture series. The policy review committee likely would be a "governmental body" because its function is within the scope of institutional governance under section 36.09(5). The lecture committee, however, would not be a governmental body because it has not been assigned such governmental responsibilities.[3]
In conclusion, for the reasons stated above, it is my opinion that a UW student entity is subject to the open meetings law where there exist one or more directives — formal or informal — that create the entity and assign it some governmental responsibilities under section 36.09(5) and where the entity takes the form of a committee, council, representative assembly, or similar collective entity with a determinate membership, the members of which act as a body in relation to the assigned governmental responsibilities. However, student organizations that do not take *Page 8 
such a collective form or that have not been assigned powers or duties of university governance under section 36.09(5) are not governmental bodies subject to the open meetings law.
I hope that this information is helpful to you and thank you for your interest in promoting open government in Wisconsin.
Sincerely,
J.B. Van Hollen Attorney General
JBVH:TCB:rk
[1] The public records law applies to any "authority" as defined in section 19.32(1), whereas the open meetings law applies to any "governmental body" as defined in section 19.82(1). A comparison of the language of those two definitions shows that any entity that falls within the definition of a "governmental body" thereby also falls within the definition of an "authority." To that extent, the discussion of the "governmental body" issue in this opinion may provide some guidance as to whether some student entities are "authorities." However, the statutory definition of an "authority" is also broader than that of a "governmental body." This opinion does not address whether any organization that does not fall within the definition of a "governmental body" might nonetheless fall within the definition of an "authority."
[2] Of course, UW institutions may also have numerous policy boards and committees that are formed by the institution's chancellor or other university officials and the membership of which may include both students and non-students (e.g., faculty and academic staff). To the extent that a directive of a university official creates such a board or committee and assigns it a role in institutional governance, that board or committee may be a "governmental body" subject to the open meetings law. Although students may select their own representatives to serve on such bodies, however, the bodies themselves are not formed by students. Therefore, they are not student government organizations within the meaning of your inquiry and are outside the scope of the present opinion.
[3] In contrast, if a single student committee were vested with both the power to review university policies and the power to organize a lecture series, that committee would be a "governmental body," within the meaning of section 19.82(1), but if the members of the committee gathered only for the purpose of organizing the lecture series, that particular gathering would not be a "meeting" of the committee subject to the open meetings law under section 19.82(2). *Page 1